Parker, C. J.,
delivered the opinion of the Court, at the sue ceeding term in Berkshire.
The defendant objects, that the plaintiff cannot maintain this action, because he has parted with his interest in the land, and also with the covenants contained in his deed.
But the covenant, upon which this action is brought, was broken at the time of the conveyance, and so could not pass to the grantee of the plaintiff,† He is therefore entitled to recover damages for the breach.
The conveyance which constitutes the incumbrance being a mortgage, he is not entitled to recover in damages the value * of the incumbrance, unless it were in evidence that he [* 3061 had relieved it by paying off the mortgage, which he has not done. On the contrary, he has suffered the equity of redemption to be foreclosed, and all estate, legal as well as equitable, to be vested in the mortgagees.
It is true that the plaintiff is liable on his covenants to Dickman. But Dickman, also, has a right of action, as assignee, upon the general covenant against the defendant ; and it is not known but he may resort to him, rather than to the plaintiff. If he were now permitted to recover against the defendant the full value of the incumbrance, Dickman, having a right of action upon the general covenant, there having been an eviction, might also sue the defendant; and then he would pay twice for the same thing.
The only proper course is, for the plaintiff now to recover nominal damages, because the covenant against incumbrances was broken before he conveyed to Dickman, and because he has suffered no actual damage ; and for Dickman to sue upon the covenant of warranty as assignee, because he has been evicted ; and he will then recover the value of the premises at the time of the eviction.
Dickman has also a right of action against the plaintiff as his immediate covenantor ; and, if he should resort to that remedy, and recover his damages, the plaintiff may then be entitled to his action, on the general covenant, against the defendant; the eviction of his *268 assignee, if properly averred, being a breach of the covenant to warrant and defend, and the recovery of damages by Dickman being proper evidence to estimate the damages in such action by the now plaintiff against the defendant. ' At present, he has suffered nothing ; for he has not paid off the mortgage ; nor has his grantee called upon him for damages on account of his eviction.
The written promise of Dickman, which appears in the case, has no effect upon the question ; for there does not appear to [*307] have been any tender of the sum, which was to * have been paid by the plaintiff, to entitle him to a reconveyance.†
Let judgment be entered for the plaintiff, for one dollar damages, and costs of suit.

 Marston vs. Hobbs, 2 Mass. Rep. 443. — Bickford vs. Page, 2 Mass. Rep. 445 — Vane vs. Lord Barnard, Gibb. 7. — Shep. Touch. 170.— Greenby et al. vs. Wilcox 2 Johns. 1. — Lewis vs. Ridge 9 Cro. Eliz 863. — Sed vide Sprague vs. Baker, 17 Mass Rep. 586.—Kingdom vs. Nottle, 1 M. & S. 355. — 4 M. & S. 57. — King vs Jones 5 Taunt. 418, 1 Marsh. 107.— Mascal's case, M. 242, 1 Leon. 62. — Platt on Cow 526.

 Kelleran vs. Brown, 4 Mass. Rep. 443. — Holbrook vs. Finney, 4 Mass. Rep 566. - Flint vs. Sheldon, 13 Mass. Rep. 447. — Barrell vs. Joy, 16 Mass. Rep. 221. — Black vs Block, 4 Pick. 234. — Lund vs. Lund, Adams, 39. — Bickford vs. Daniels, 2 N. H. R 71 —Runlett vs. Otis, 2 N. H. R. 167. It is provided by the statute of 1785, ch. 22, $ 2, “ that all real estate conveyed or pledged by mortgage, or bargain and sale with defeasance, shall be redeemable by the mortgagor or vendor, his heirs, executors, administrators, or assigns.” The above decisions in Massachusetts are founded on a very narrow construction of the statute Vide Clark vs. Henry, 2 Coto 332. — Strong vs. Stewart, 4 Johns. Ch. R. 167. — James vs. Johnson, 6 Johns Ch. R. 417. — Marks vs. Pell, 1 Johns. Ch. R. 594. — Day vs. Dunham, 15 Johns. R. 555. —Ross vs Norwell, 1 Wash. 15. — French vs. Lyon, 2 Root, 59. — Anon., 2 Hayw. 26.— Watkins vs. Stockett, 6 Bar. & M'Hen. 24. — Wilcox's Heirs vs. Morris et al, 1 Murph. 117. — Washburn vs. Merrill, 1 Day, 139. —Wilcox vs. Carver, 4 Hayw 93. —Wheeland vs. Swartz et al., 1 Yeates, 579. — Wharf vs. Howell, 5 Binney, 499. — Bolton vs. Avery, 2 Root, 279. — 13 Serg. & Rawle, 279. — Conway's Ex'rs. vs. Alexander, 7 Cranch, 218. It would certainly have been more consistent with the principles of equity and justice, and with the spirit of the act, which is entitled, “ An act giving remedies in equity,” to have held every conveyance to be a mortgage which is treated as such in a court of equity.