## JOSEPH M. KEENING *vs.* CHARLES H. AYLING.

Suffolk.   March 24. — 27, 1879.   AMES & LORD, JJ., absent.

A deed of a lot of land described it as bounded on two sides by streets, on the third side by a passageway, and on the fourth side by another lot. The conveyance was subject to a condition that the front line of the building should be a certain distance from, and parallel to, one of the streets, which was named; and also a condition that no dwelling-house or other building except the necessary out-buildings should be erected on the rear of the lot. At the time the deed was executed there were certain buildings on the land, and the deed stated that the buildings then on the land conformed with the conditions. *Held,* that there was no ambiguity as to what portion was to be deemed the rear of the lot.

A deed of a lot of land contained the condition that "no buildings which may be erected on said lot shall be less than three stories in height, exclusive of the basement and attic, nor have exterior walls of any other material than brick, stone or iron, nor be used or occupied for any other purpose or in any other way than as a dwelling-house for the term of twenty years" from a certain day. *Held,* that the limitation of time applied only to the mode of use and occupation; and not to the height of the buildings or the materials of the outer walls.

BILL IN EQUITY for the specific performance of an agreement in writing, dated August 21, 1878, whereby the defendant agreed to sell and the plaintiff to purchase a parcel of land in Boston for the sum of $9000; the land to be conveyed within ten days from date "by a good and sufficient warranty deed, conveying a good and clear title to the same, free from all incumbrances." Hearing before *Ames,* J., who reported the case for the determination of the full court, as follows:

In 1862, the city of Boston conveyed the land in question to Mary Ann Carter, by a deed which described the land as bounded easterly on Newton Street 17.85 feet; northerly by another lot 84 feet; westerly, by a passageway ten feet wide 25.84 feet; southerly by Harrison Avenue 84.44 feet. The deed declared that the land was conveyed subject to certain conditions, of which only the following need now be stated: "2. The front line of the building which may be erected on the said lot shall be placed on a line parallel with and ten feet back from the said Newton Street. 4. No dwelling-house or other building except the necessary out-buildings shall be erected or placed on the rear of the said lot. 5. No buildings which may

be erected on the said lot shall be less than three stories in height, exclusive of the basement and attic, nor have exterior walls of any other material than brick, stone or iron, nor be used or occupied for any other purpose or in any other way than as a dwelling-house for the term of twenty years from the first day of April 1859." The deed also contained the following clause : " The buildings now standing on the said land conform with the requirements of the foregoing conditions."

On January 14, 1874, the defendant became the owner of the land through various mesne conveyances, none of which referred to the conditions set forth in the deed to Carter.

The deed to Carter also referred to a plan, which showed nine other lots adjoining and adjacent to that conveyed to Carter. All of these lots were owned by the city of Boston, and sold and conveyed by the city by deeds, each of which contains the same conditions, expressed in the same words ; but makes no reference to the other deeds. Deeds of five of the lots were dated on the same day; and all of the lots, except two, were so conveyed by deeds made and recorded prior to the deed to Carter, and the houses now upon these lots are the same which were originally built, and conform to the conditions. All the lots are occupied by dwelling-houses.

The city of Boston was applied to by the respondent for a release of said conditions, but the owners of the adjoining lots objected, and the city refused to give a release.

The defendant refused to perform his agreement, because he could not obtain a release of the conditions, and would not give a warranty deed of the premises, and so informed the plaintiff.

The plaintiff contended that the defendant should be decreed to perform, so far as it was in his power to do so, and that there should be an abatement of the purchase price by way of compensation for the injury to the value of the estate, in consequence of the existence of any such restrictions, conditions or reservations.

The case was referred to a master to report, if it should appear that the real estate described in the bill was subject to any valid conditions, restrictions or reservations, whether there was any injury to the estate by reason of the existence of such conditions.

reservations or restrictions, and the extent of the injury by rea-
son thereof. The master found and reported that there was
injury to the estate as to its value, by reason of the existence of
certain of the conditions or restrictions; that the injury by
reason of the existence of condition No. 2 was $100; that the
injury by reason of the existence of condition No. 4 was $350;
that the injury by reason of the existence of so much of condition
No. 5 as relates to the occupation of the premises as a dwelling-
house was $25; that the injury by reason of the existence of so
much of condition No. 5 as relates to the building being not less
than three stories high, exclusive of basement and attic, was
$200; that, as to the remaining conditions, no injury to the
estate resulted from them or either of them.

The master's report was not excepted to by either party; and
it was agreed that a decree for specific performance might be
entered, and the purchase price abated by the amount of the
damages so found and reported by the master, provided the con-
ditions, restrictions or reservations were valid; and that if any
one or more of the conditions, restrictions or reservations were
invalid, the damages found by the master were to be rejected to
that extent.

The judge reserved the question of the validity and effect of
the conditions, reservations and restrictions, and the rights of
the parties as affected thereby, for the consideration of the full
court; such judgment to be rendered as law and equity might
require.

*J. A. Maxwell*, for the plaintiff.

*S. W. Creech, Jr.*, for the defendant.

GRAY, C. J. The deed itself shows that the front of the lot
is on Newton Street, and the rear on the passageway at the
opposite end of the lot, and that buildings conforming to the
conditions of the deed were already standing on the land; and
there is nothing in the report before us to show that, as applied
to the facts of this case, there is any ambiguity as to what pro-
portion is to be deemed "the rear of the said lot," upon which
the fourth condition requires that "no dwelling-house or other
building, except the necessary out-buildings, shall be erected or
placed."

We can have no doubt that the words "for the term of

twenty years from the first day of April, 1859," at the end of the fifth condition, apply only to the mode of use and occupation, and not to the height of buildings or the materials of outer walls.

According to the agreement of the parties and the terms of the report, a decree is to be entered for specific performance, and for the damages assessed by the master, except those for the existence of the second condition, all claim for which was waived by the plaintiff at the argument.

*Decree for the plaintiff accordingly.*