JAMES SKINNER & another *vs.* ANDREW N. SHEPARD
& others.

Suffolk. Nov. 11, 12, 1880. — Jan. 6, 1881. LORD & SOULE, JJ., absent

Land, bounded on one side by a street and on another side by a railroad, was
conveyed " subject to the condition that no building shall ever be placed on
that part of the same lying within twenty-five feet of said street, and also that
the present occupant of a part of the premises near said railroad for a lumber-
yard shall be allowed the time until the first day of October next after the date
hereof to remove his lumber and evacuate the premises, but no longer without
the consent of said grantee." *Held*, that both clauses of the provision took
effect only by way of restriction ; and that the restriction as to building, in
the absence of evidence that it was imposed for the benefit of other land, must
be construed as a personal covenant merely with the grantor, which his heirs
could not enforce after his death.

CONTRACT for breach of the covenants in a deed of land in
Woburn from the defendants to the plaintiffs. Trial in this
court, before *Lord*, J., who reported the case before verdict for
the determination of the full court. The facts appear in the
opinion.

*S. B. Ives, Jr. & G. W. Morse*, for the plaintiffs.

*T. H. Sweetser*, (*J. P. Gale* with him,) for the defendants.

MORTON, J. On April 16, 1859, Willis Bucknam, now de-
ceased, conveyed the land in question to Harris Munroe and
others by a deed, which bounded it on one side by Green Street
and on another side by the Woburn Branch Railroad, and
which, after the description and before the habendum, contained
this provision : " Said premises are hereby conveyed subject to
the condition that no building shall ever be placed on that part
of the same lying within twenty-five feet of said Green Street,
and also that the present occupant of a part of the premises
near said railroad for a lumber-yard shall be allowed the time
until the first day of October next after the date hereof to re-
move his lumber and evacuate the premises, but no longer
without the consent of said grantees." The land by mesne
conveyances came into the possession of the defendants, who
conveyed it to the plaintiffs by a warranty deed containing the
usual covenants.

The words in the deed of Bucknam, above quoted, are suffi-
cient to create a condition, the breach of which would forfeit the
estate, if such clearly appears to have been the intention of the
grantor; but they are not to have that effect, if his intention
from the whole deed appears to have been otherwise.

We think that the last clause of the conditional paragraph
could not have been intended as a technical condition.    It
relates merely to an occupation of a part of the premises for a
short time, and is in its nature a personal stipulation of the
grantees to permit such occupation, rather than a condition by
a breach of which the estate should be wholly forfeited.    The
words " subject to the condition " apply equally to both clauses
of the paragraph, and there is no reason for giving them a more
technical or a different meaning when applied to the first clause
than that which they have as applied to the second.    We are
of opinion that both clauses can have effect only as restrictions.
*Episcopal City Mission* v. *Appleton*, 117 Mass. 326.

Undoubtedly Willis Bucknam might have enforced the first
restriction while he lived; but there is nothing in the deed
which shows that the parties intended that the restriction as to
building within twenty-five feet of Green Street should create a
servitude or easement in the granted land, which should attach
to and be an appurtenance to any neighboring land.

The mere fact which the plaintiffs offered to prove, that
Willis Bucknam, at the time when he conveyed to Munroe and
others, was the owner of land separated from the estate granted
by the Woburn Branch Railroad, is not sufficient to show that
the object of the restriction was to benefit this land.    In the
absence of any words in the deed to this effect, or any reference
to a plan showing a general scheme of improvement, the gran-
tees took their estate without any notice, express or constructive,
that the restriction was intended for the benefit of the adjoining
estate.    For anything that appears, it may have been intended
only for the benefit of the grantor and for his personal conve-
nience.    *Jeffries* v. *Jeffries*, 117 Mass. 184.    *Jewell* v. *Lee*, 14
Allen, 145.    *Badger* v. *Boardman*, 16 Gray, 559.

We are therefore of opinion, that the restriction as to build-
ing must be construed, not as a condition which the heirs of the
grantor can enforce, but as a personal covenant merely with the

grantor; and that, after his death, it created no incumbrance or servitude upon the estate for which the plaintiffs can maintain this action.                    *Judgment for the defendants.*