### ISAAC AYLING *vs.* MARY KRAMER.

Suffolk.   Jan. 11. — May 13, 1882.   LORD, FIELD & C. ALLEN, JJ., absent.

A conveyance of a lot of land was subject to the " conditions" that "no dwelling-house or other building except necessary out-buildings shall be erected or placed on the rear of the said lot," and that "no buildings which may be erected on the said lot shall be less than three stories in height, exclusive of the basement and attic, nor have exterior walls of any other material than brick, stone or iron, nor be used or occupied for any other purpose or in any other way than as a dwelling-house for the term of twenty years" from a certain day.  *Held,* that these were to be construed as restrictions, and not as conditions, and constituted a breach of a covenant against incumbrances in a subsequent deed.

On a bill in equity involving the construction of a deed of land containing certain " conditions" so called, there was evidence from a plan annexed to the deed, and from other deeds of adjoining and neighboring estates, that the conditions were a part of a general plan of improvement, and they were construed as restrictions.   In a subsequent action involving the construction of the same deed, at the argument on the defendant's exceptions, the defendant contended that the judge who tried the case erred in giving the same construction to the deed as this court had formerly given, on the ground that the deeds of the adjoining and neighboring estates were not put in evidence.  *Held,* that, as he had not called the attention of the judge to this omission in the evidence, the point was not open to him.

In an action for a breach of the covenant against incumbrances in a deed of land, evidence of the original agreement of the owner to convey the land to a person who assigned the agreement to the grantor of the defendant, the deed to such grantor having been given in pursuance of the agreement, is inadmissible.

MORTON, C. J.   This is an action to recover damages for a breach of the covenant against incumbrances, contained in a deed from the defendant to the plaintiff.

The city of Boston, by its deed dated July 3, 1862, conveyed the land in question to Mary Ann Carter.   This deed, after the description and before the habendum, contained the provision that "this conveyance is also subject to the following conditions : 1. All taxes and assessments which have been laid or assessed upon the said premises previous to the execution of this conveyance shall be paid by the said Mary Ann Carter, her heirs and assigns.   2. The front line of the building which may be erected on the said lot shall be placed on a line parallel with and ten feet back from the said Newton Street.   3. The building which may be erected on the said lot shall be of a width equal to the width of the front of the said lot.   4. No dwelling-house or other building except necessary out-buildings shall be

erected or placed on the rear of the said lot. 5. No buildings which may be erected on the said lot shall be less than three stories in height, exclusive of the basement and attic, nor have exterior walls of any other material than brick, stone or iron, nor be used or occupied for any other purpose or in any other way than as a dwelling-house, for the term of twenty years from the first day of April, A. D. 1859. 6. And the said Mary Ann Carter shall erect a brick wall along the line of the rear of the above-described land, of not less than five feet above the grade of said passageway as the same shall be hereafter established by the said city. The buildings now standing on the said land conform to the requirements of the foregoing conditions." The land by mesne conveyances came to the defendant, who conveyed it to the plaintiff by a deed containing the usual covenants.

We are of opinion that the so-called conditions in the deed to Carter were not intended or understood by the parties to be technical conditions, a breach of which would work a forfeiture of the estate. They were intended to regulate the mode in which the grantee might use and enjoy the land, and are to be construed as restrictions. *Episcopal City Mission* v. *Appleton,* 117 Mass. 326. *Skinner* v. *Shepard,* 130 Mass. 180. This same deed was before this court for construction in *Keening* v. *Ayling,* 126 Mass. 404; and, although the question is not discussed in the opinion, that case proceeded upon the assumption that they were restrictions imposed as a part of a general scheme of improvement, which might be enforced in equity by the owners of the adjoining estates, and created equitable easements which constituted a breach of the covenants against incumbrances. It is true that it appeared affirmatively in that case, by the production of the plan annexed to the Carter deed, and of other deeds of adjoining and neighboring estates, that the restrictions were a part of a general plan of improvement.

The defendant now contends that the Superior Court erred in giving the same construction to this deed, because these collateral and surrounding facts were not affirmatively shown in the case at bar. We are of opinion that this ground is not fairly open to him. The parties presented to the presiding justice of the Superior Court, for his construction, a deed which had once

been construed and its legal effect determined by this court. If the defendant intended to controvert any of the facts which had aided the court in the previous construction of the deed, good faith in the conduct of the trial required that he should call the attention of the presiding justice to his purpose, or to the omission of the plaintiff to make formal proof of these facts. If he had done so, the omission could have been readily supplied, all the necessary facts being matters of record. By asking the presiding justice to construe this deed, in the light of the decision in *Keening* v. *Ayling*, and making no suggestion that the facts there appearing of record were not true, he tacitly admitted them, and he ought not now to be heard to object that they were not formally proved at the trial.

The plaintiff claimed only under the fourth and fifth restrictions, and we are of opinion that the court rightly ruled that " clauses fourth and fifth were restrictions binding upon the estate at the time of the making of the covenant sued upon, and were incumbrances upon the estate within the meaning of the covenant sued upon ; " and that the several rulings to the contrary requested by the defendant were rightly refused.

The evidence of the original agreement of the city of Boston to convey this lot to one Wheeler, assigned by him to said Carter, was properly rejected. It had been superseded by the deed to Carter given in pursuance of it. If it agreed with the deed, it was immaterial ; if it differed, the deed, being the later contract, must control and could not be varied by it.

*Exceptions overruled.*

*J. A. Maxwell*, for the defendant.

*S. W. Creech, Jr.*, for the plaintiff.