CHARLES G. LOCKE *vs.* HARRIET N. HALE.

Essex.    November 6, 1895. — November 29, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Deed* — *Condition or Restriction* — *Encumbrance* — " *Assigns* " — *Easement.*

A., who owned and occupied as a residence land on a certain street, conveyed land on the opposite side of the street to B. by a deed containing the provision that thereafter only buildings of a certain class should be built thereon, and that dwelling-houses should be set back a certain distance from the street line, and outbuildings should not be placed nearer to it than a certain other distance, " with reversion to the grantor, his heirs and assigns, in case of any breach of such condition." B., by a deed containing covenants of warranty and against encumbrances, but making no reference to the conditions or restrictions in the deed to him, conveyed the land to C., who in like manner conveyed a portion of it to D. *Held,* in an action by D. against C. for breach of the covenant against encumbrances in his deed, that the provision in the deed from A. to B., whether regarded as a condition or restriction, created an encumbrance on D.'s land which was not in the nature of an easement or servitude in favor of the premises then occupied by A. as a residence.

CONTRACT, for breach of the covenant against encumbrances in a deed of land in Bradford, given by the defendant to the plaintiff, on May 31, 1890. The case was submitted to the

Superior Court, and, after judgment for the plaintiff, to this court, on appeal, upon agreed facts, in substance as follows.

Harry H. Hale, the husband of the defendant, joined in the deed to the plaintiff, releasing to the plaintiff " and his heirs and assigns all right in the granted premises, whether by courtesy or otherwise."

George Johnson, late of Bradford, deceased, on October 23, 1871, by warranty deed in common form of that date, which was duly recorded, conveyed two parcels of land to one Thomas J. Taylor. The first parcel was on Pleasant Street, and the lot conveyed by the defendant to the plaintiff is a part of it. The deed to Taylor contains the following language, next after the description of the real estate, to wit : " This deed is made upon the conditions that within fifty years hereafter no buildings shall be erected or suffered to remain upon that parcel of land first above described, which fronts upon Pleasant Street and its continuation 'as above stated towards the Boston and Maine Railroad station, but thoroughly finished, first-class two-story detached dwelling-houses, with only such customary outbuildings as are required for them as dwelling-houses, and used in connection therewith, and that no part of any such dwelling-house shall be placed or suffered to remain nearer to said Pleasant Street or to its said continuation than fifteen feet distant therefrom, and that no part of such out or other building shall be placed or suffered to remain nearer to said Pleasant Street or its continuation than forty feet distant therefrom, with reversion to the grantor, his heirs and assigns, in case of any breach of such condition."

The " parcel of land first above described," to which said conditions, agreements, or restrictions refer, is the parcel of which a part was conveyed by the deed from the defendant to the plaintiff.

At the date of the deed to Taylor, Johnson owned a certain other parcel of land situate in Bradford, on the other side of Pleasant Street, together with buildings thereon, the same being occupied by Johnson as his residence. This residence is opposite the land conveyed by the defendant to the plaintiff. Johnson left heirs who are now living.

On April 22, 1882, Taylor, by warranty deed in common

form of that date and duly recorded, conveyed to the defendant the land described in the deed from Johnson to Taylor, including the land conveyed by the defendant to the plaintiff, the deed containing covenants of warranty and against all encumbrances, but making no reference to the restrictions or conditions in the deed from Johnson to Taylor.

On October 26, 1881, by deed of that date duly recorded, the trustees under the will of Johnson conveyed the land and buildings, and its appurtenances, which Johnson had so occupied as a residence, to Harry H. Hale, who was the owner thereof at the time of the conveyance from the defendant to the plaintiff.

If, upon the foregoing facts, the plaintiff was entitled to recover, damages were to be assessed by the court; otherwise, judgment was to be entered for the defendant.

*B. B. Jones*, for the defendant.

*N. C. Bartlett*, for the plaintiff.

MORTON, J. The defendant contends that the effect of the provision in the deed from Johnson to Taylor, which constitutes the alleged encumbrance, was to create an easement or servitude in favor of the premises occupied by Johnson as a residence at the time when the deed was given by him to Taylor, and that the defendant's husband, by joining in her deed and releasing to the plaintiff " and his heirs and assigns all right in the granted premises, whether by courtesy or otherwise," has extinguished it. We do not think that such a construction should be given to the deed. Johnson's residence was on the opposite side of the street, and there is nothing in the deed, or in the manner of using or occupying the respective estates, or in their situation, which in terms or by necessary or reasonable implication shows that the provision was designed to subject the property that was conveyed to Taylor to an easement in favor of the premises where Johnson lived. The case is very different from *Merrifield* v. *Cobleigh*, 4 Cush. 178, on which the defendant relies. It probably was or would be an advantage to the premises where Johnson resided that houses built on the opposite side of the street should be set back a certain distance from the street line, and that outbuildings should not be nearer to it than a certain other distance. But we cannot by reason of that fact alone construe the provision as subjecting the lot

conveyed to an easement or servitude in favor of the premises occupied by Johnson. A more natural construction would be, it seems to us, that it was expected that other lots besides the one purchased by Taylor would be sold out of the tract of which that was a part, and that the condition or restriction which was inserted in the deed to him was one which it was expected would be inserted in other deeds, for the common benefit and advantage of parties so purchasing and their successors in title. Whether regarded as a condition or restriction, it constitutes an encumbrance. *Ayling* v. *Kramer*, 133 Mass. 12.

The defendant has placed some stress on the use of the word " assigns," in the provision creating the encumbrance. The right of entry for breach of a condition subsequent is not assignable, and if the provision is to be regarded as creating a condition subsequent the word was inapt. *Hopkins* v. *Smith*, 162 Mass. 444. We think that, if it is not to be rejected altogether, it is to be regarded as inserted rather to show that the condition or restriction was a continuing one, than with a purpose to establish an easement or servitude in favor of the premises occupied by Johnson as a residence.

It is not necessary to consider whether, if an easement or servitude was created as contended by the defendant, it has been extinguished by the joining of the defendant's husband in her deed, and releasing " all right . . . by courtesy or otherwise."

*Judgment affirmed.*