## NATHAN W. GOLDBERG, PETITIONER.

Suffolk, January, 1903.

*Deed — Conditions Containing More Than One Cause for
Forfeiture — Restrictions.*

Title in this case comes under a deed given by the City of
Boston to one Smith, April 19, 1860, which contained the
following provisions: " And this conveyance is also subject
to the following conditions: 1. All taxes or assessments
which have been laid or assessed upon said premises previous
to the execution of this conveyance shall be paid by said
Smith, his heirs and assigns. 2. The front line of the build-
ing which may be erected on said lots shall be placed on a
line parallel with said Springfield street. 3. The buildings
which may be erected on said lots shall be of a width equal
to the widths of the front of the lots delineated on Alexander
Wadsworth's plan referred to below. 4. No dwelling house
or other buildings, except necessary out buildings shall be
erected or placed on the rear of said lots. 5. No building
which may be erected on said lots shall be less than three
stories in height exclusive of basement and attic, nor have
exterior walls of any other material than brick or stone, nor
be used or occupied for any other purpose or in any other
way than as a dwelling house for a term of twenty years
from October 1, 1859. 6. As long as said lot remains unoc-
cupied by a building to be used for a dwelling house as afore-
said, said Smith, his heirs and assigns, shall permit free of
charge the proprietor of each adjoining lot, who may build,
to erect ½ of the thickness of his division wall on said lots
91-94½ inclusive; said Smith, his heirs and assigns shall

pay to said proprietor so erecting said wall a proportional
portion of the cost thereof for such part of said wall as he
said Smith, his heirs and assigns, may use or occupy, and
said Smith, his heirs and assigns, shall, when he erects or
they erect a building as aforesaid on said lot numbered as
aforesaid, build ½ of the thickness of his or their division
wall on each adjoining lot which may be unoccupied by a
dwelling house as aforesaid.   The buildings now standing
on said premises have been erected in conformity with re-
quirements of the foregoing conditions.   It being understood
that the conditions aforesaid shall apply severally to lots 1,
2, 3, 4, and 5 as shown on Alexander Wadsworth's plan of
March 30, 1860, to be recorded.   Being a subdivision by
said Smith of the aforesaid premises.   So that a breach of
any of said conditions by the owner or proprietor of any one
of said lots in said subdivision shall only render his single
estate forfeitable under said conditions, and not render the
whole of the aforesaid premises forfeitable for the act of
any single violater of said conditions."

The Examiner raises the question whether these provi-
sions constitute restrictions or a series of conditions the breach
of any one of which will render the estate liable to forfeiture,
and cites Ayling v. Kramer, 133 Mass. 12; Episcopal City
Mission v. Appleton, 117 Mass. 326, and Clapp v. Wilder,
176 Mass. 332.

The question is a difficult one both as to the construction
of the particular deed here in question, and as to the general
principle to be deduced from the cases cited.   The case of
Episcopal City Mission v. Appleton has been cited and quoted
in later decisions, but never elucidated or explained.   The
main proposition that there is no reason for giving one con-
struction to technical language governing one clause, and
another construction to the same language governing another
clause, and that therefore if one is not a condition neither
can the other be, but that both must have a like interpreta-

tion and effect, is plain and simple.   There has, however, been much divergence of opinion among conveyancers as to the exact meaning and scope to be given to the language of the Court in the City Mission case, where it says, speaking through Gray, C. J., " both clauses cannot be construed as conditions; because, upon that construction, a breach of the first would, upon entry by the grantor or his heirs, forfeit the whole estate, and leave nothing in the grantee to which the last part of the second clause could apply." It is argued on the one side that this is equivalent to a decision that there can never be, as matter of law, a condition containing more than one cause of forfeiture.  It is said that a right of reverter is a dependent estate; that an entry for breach of one condition forfeits the whole estate, and thereby leaves nothing upon which the right to enter for breach of the other clauses can depend; and that therefore the latter clauses can never be conditions.   On the other hand it is pointed out that the Episcopal City Mission case can stand on its own facts without any reference to the clause quoted from the decision; that the manifest intention in that case was to regulate user, not to provide for forfeiture; and that it was because an entry for forfeiture would destroy the grantor's whole intent as expressed in the second clause, not because of the bare fact that there was a second clause, that it was held that the provisions could not be construed as conditions.

The whole tendency of the law in modern times has been steadily and systematically opposed to conditions.   As pointed out by Mr. Gray, for more than two hundred years the remedy for breach of condition by entry for forfeiture has been obsolete in England.  As early as 1808 Sugden in his treatise on Powers declared that " what by the old law was deemed a devise on condition, would now perhaps in almost every case be construed a devise in fee upon trust." Gray, Rule against Perpetuities, Sec. 282.

In this State, provisions in the ordinary form and phrase-

ology of conditions have been freely construed as restrictions until the recent decision in Clapp v. Wilder. The authorities are fully collected in that case, especially in the dissenting opinion. See also Crocker's Notes on Common Forms, 4th ed., page 101 et seq. I doubt, however, if the cases have gone quite so far as is assumed by Mr. Gray, (Note: and see the 2nd ed. of Gray on Perpetuities, 1906) or that the earlier decisions in Atty. Gen. v. Merrimack Mfg. Co., 14 Gray, 586, and Guild v. Richards, 16 Gray, 309, must be taken to have been overruled in the later cases of Sohier v. Trinity Church, 109 Mass. 1; Episcopal City Mission v. Appleton, and Ayling v. Kramer, supra.

Conditions have always been strictly construed in Massachusetts. Bradstreet v. Clark, 21 Pick. 389. Merrifield v. Cobleigh, 4 Cush. 178. Hadley v. Hadley Mfg. Co., 4 Gray, 140. Clapp v. Wilder, supra. Wherever it has seemed reasonably possible to construe a given provision as anything other than a condition, as for instance, an agreement, a covenant, a charge, a trust, or a restriction, courts have, as Mr. Justice Hammond says in Clapp v. Wilder, exercised " considerable astuteness " in this direction. Felch v. Taylor, 13 Pick., 133. Wheeler v. Dascomb, 3 Cush., 285. Goodrich v. Proctor, 1 Gray, 567. Sohier v. Trinity Church, 109 Mass. 1. Skinner v. Shepard, 130 Mass. 180.

Notwithstanding this fact the right to create by apt language an old fashioned common law condition, forfeiture and all, has always in this State been admitted and maintained. The very cases that have most emphasized the necessity for strict construction have clearly pointed to the continued existence in Massachusetts of estates on condition, with their attendant right of reverter for breach. Hadley v. Hadley Mfg. Co. supra. Gray v. Blanchard, 8 Pick., 283. Langley v. Chapin, 134 Mass. 82. Guild v. Richards, 16 Gray, 309. Austin v. Cambridgeport Parish, 21 Pick., 215.

In the case of Stanley v. Colt, 5 Wall. 119, the circum-

stances of the trust estate were such that they constituted the principal ground for. the decision of the court, and the provision in question was clearly a trust rather than a condition because of that fact, just as in the Massachusetts case of Sohier *v*. Trinity Church, *supra*.

Whether or not Clapp *v*. Wilder was (as is vigorously urged in the dissenting opinion) contrary to the current of prior decisions, the case in itself went no further than to hold that a common law condition enforceable by forfeiture is still possible in Massachusetts, and the majority opinion in Clapp *v*. Wilder expressly excepted and approved both cases like Episcopal City Mission *v*. Appleton and cases like Ayling *v*. Kramer. Unfortunately the case at bar combines some features of the class of cases like the City Mission case with others like Ayling *v*. Kramer, and still others like Atty. Gen. *v*. Merrimack Mfg. Co. The provisions in the case at bar contain the identical clauses construed in Ayling *v*. Kramer to be not conditions, but restrictions; while at the end of them follows an express provision relating to breach and forfeiture.

It seems to me that the true rule was that pointed out by Lord Cairns in Attorney-General *v*. Wax Chandlers Co., L. R., 6 H. L. Eng. and Irish App. 1, where he suggests that the difficulty in the matter is more apparent than real, and is caused by confounding together two classes of authorities which run on intrinsically separate and distinct lines. In one class of cases the intent of the parties is to create in the devisee or grantee an estate so long, and so long only, as he fulfills the conditions; in the other class it is to create in the grantee or devisee an estate in fee simple absolute, to be held and administered however in a certain manner, not by the grantor or testator or their heirs, but by the grantee and his successors. In the first class it is a condition; in the second class it is a trust, or an equitable restriction. The provision is to be construed in accordance with the object

to be attained, not from the phraseology or form of words employed. The rule is analogous to that employed in the matter of construing exceptions or reservations. The clause is to be construed as an exception or a reservation, not from the technical phrase used, but from the nature of the estate. Stockwell *v.* Couillard, 129 Mass. 231. Kimball *v.* Withington, 141 Mass. 376. White *v.* N. Y. & N. E. R. R., 156 Mass. 181.

Even a common law condition may operate through the interposition of equity in the manner of an equitable restriction, or by way of trust in favor of the several land owners affected. Hamlen *v.* Keith, 171 Mass. 77. Hopkins *v.* Smith, 162 Mass. 444. Clapp *v.* Wilder, *supra.* Hook, Petitioner, Land Court Decisions, page 70, *ante.* (Note: And see Wilson *v.* Mass. Inst. of Tech., 188 Mass. 565, 581.) Conversely the fact that a provision is enforceable in equity does not per se render it unenforceable as a common law condition. The test is, was the object of the provision in question to preserve a personal right, or to create an appurtenant one ?

It seems clear that a grantor not only may, but ought to be able to, provide for an entry for forfeiture on breach of any one of a series of conditions. It is true that having once repossessed himself of the entire estate there is nothing left for the other clauses to act on, but the answer is that in such a case it was not intended that there should be. The object of the grantor was not to perpetuate a manner of holding the property for the benefit of other land, but merely to provide that unless held by its grantees in accordance with his conditions the title should come back to himself as of his former estate.

In the case at bar the deed was one of a series of conveyances made by a municipal corporation in the course of disposing by sale of a large tract of land cut up into house lots. The first five clauses in question have already been

construed as creating not conditions but restrictions. Forfeiture to the City of an unrestricted estate would be inconsistent with everything in the deed except the last clause. The whole object seems to have been to provide for the manner of use of the property by the grantee and his successors, as part of a general scheme of improvement. The subsequent provision for forfeiture is contrary to, rather than consistent with, that purpose. It is repugnant to prior language employed by the grantor, and must be rejected, not, as it seems to me, because an estate cannot be created on condition with several possible causes for breach, but because that clearly does not appear to have been the intent of this particular instrument.

Decree for petitioner subject to restrictions.