E. Z. ALBRIGHT, APPELLEE, v. JOHN SCHWABLAND ET AL., APPELLANTS.

FILED APRIL 3, 1915. No. 17930.

**Deeds:** GENERAL WARRANTY: BREACH. The covenant in a deed of general warranty of title, and for quiet enjoyment, made by one having obtained only a final receiver's receipt for the premises conveyed, is broken when the government reasserts title and cancels the final receiver's receipt, at which time a right of action accrues to the grantee.

APPEAL from the district court for Cedar county: GUY T. GRAVES, JUDGE. *Affirmed.*

*J. C. Robinson* and *B. Ready,* for appellants.

*French & Orvis,* contra.

HAMER, J.

This is an appeal from the district court for Cedar county. The plaintiff sued John and Ella Schwabland upon a breach of covenants of general warranty and quiet enjoyment in a deed by which they undertook to convey the title to certain real estate to plaintiff and another, who later conveyed to plaintiff. There was a verdict and judgment in the sum of $1,920, with interest at 7 per cent. from June 12, 1909, to March 4, 1912, amounting to $365.86,

Albright v. Schwabland.

making a total of $2,285.86. The evidence shows that the title failed. There was a cancelation of the claims, and the title which was based on final receiver's receipt was reasserted by the United States government.

In *Shattuck v. Lamb*, 65 N. Y. 499, it was held: "Where, at the time of the execution of a deed, the premises are in the possession of a third person holding under paramount title, and the grantee in consequence is defeated in legal proceedings to obtain possession, and is kept out of possession, this is a breach of a covenant of quiet enjoyment contained in the deed, and the grantee may maintain an action thereon."

The following case tends to support the decision in the New York case: *Kramer v. Carter*, 136 Mass. 504. In May, 1909, the United States government re-established its title to the land and conveyed it to others, and at that time the covenants were broken.

When the title failed the plaintiff's action accrued, or at least there was evidence of its existence which could not be successfully controverted. If the claims were canceled in favor of the government, then it should be presumed that the government had the paramount title, and that any time it asserted the same the plaintiff had a right to commence his action, which he did within the time fixed by the statute of limitations. The evidence sustains the verdict. The judgment of the district court is

AFFIRMED.

LETTON, FAWCETT and ROSE, JJ., not sitting.

SEDGWICK, J., concurring.

Our statute for some purposes regards a final receiver's receipt of the United States government as conveying title. I understand that in this case when this deed was made, containing the covenant relied upon, all parties knew that the grantor held the final receiver's receipt and had possession of the land. This was the title relied upon by the parties. It was presumed that the patent would follow, as it ordinarily does. The covenant in the deed, then, should

be construed with reference to this condition, and when the government canceled the final receiver's receipt, and the grantor was no longer able to convey title, the covenant was broken within its meaning, as understood by the parties. When a covenant of title is broken the right of action thereon accrues. It is not necessary to cite authorities on that question. I think, therefore, the defense of the statute of limitations in this case fails.