## NORWOOD v. STEPHENS.

### SUBMISSION.—*Discontinuance.*

1. A submission to arbitration of a cause pending in Court, and the actual rendering of an award therein, will operate as a discontinuance of the cause in Court, unless it is also agreed that the award shall be made the judgment of the Court, or that the jurisdiction of the Court shall continue.

### THE SAME.

So, the submission to arbitration, where the arbitrators take jurisdiction, determines the jurisdiction of the Court where the cause is pending, and works a discontinuance.

### THE SAME.—*Reason of the Rule.*

3. The reason of the above rule is that two tribunals cannot have jurisdiction and control of the cause independently of each other.

### THE SAME.

4. But until the arbitrators assume jurisdiction, a mere agreement to submit a cause pending in Court to arbitration, will not work a discontinuance. (Hawkins, J., dissenting.)

### THE SAME.

5. But such an agreement to arbitrate should work a stay of proceedings.

ANDREWS, J., delivered the opinion of the Court:

Stephens instituted a suit in the Circuit Court of Bledsoe county against Norwood and Findley to recover damages for an alleged illegal arrest and imprisonment.

During the pendency of the suit Norwood and Stephens entered into an agreement, which was reduced to writing and signed by them, and entered of record upon the minutes of the court, by the terms of which they agreed to submit the cause to the arbitrament of their counsel, W. E. B. Jones and James G. Spears, who, failing to agree upon its merits, were authorized to call in some other gentleman of the legal profession, whose award should be final. They further agreed that they would abide by and perform the

award.   At the next term of the court, Norwood moved the court to dismiss the suit as to him, upon the ground that the same had been discontinued as to him, and in support of this motion read said agreement after having proved the same.

The motion was overruled, and thereupon defendant, Norwood, moved the court for leave to file a plea *puis darrein continuance*, setting forth the facts above stated, which was supported by affidavit, and was refused by the court, and the cause ordered to stand for trial at that term.

Thereupon the plaintiff moved the court for leave to *revoke* the said agreement, which motion was allowed, and the record then proceeds to recite, " and the agreement of December 6, 1866, was by the plaintiff revoked and set aside in open court."

It is stated in a bill of exceptions, made part of the record, that during the pendency of the motion for leave to file said plea, and before the same and the affidavit in support thereof were read, the plaintiff made the application for leave to revoke the submission, and " the same was revoked, J. G. Spears refusing in open court to have anything to do with it." Thereupon, on motion of the defendant, the cause was continued until the next term.

That a submission to arbitration of a cause pending in court, and the actual rendering of an award therein, will operate a discontinuance of the cause in court, unless it is also agreed that the award shall be made the judgment of the court, or that the jurisdiction of the court shall continue, has long been well settled in this State, and is not now disputed.

But whether a mere agreement to submit such a cause,

not acted upon by either parties or arbitrators, shall have such effect, cannot be considered as settled in this State.

It was held by this court *per* Catron, Judge, in Elliott vs. Wilkinson, 8 Yer. 411, that "the submission to an arbitration which was not gone into" could have no effect.

This decision is made in very brief terms, and without any reference to authorities, and does not carry with it the conviction which a more careful examination of the question would have done.

The question again arose under a somewhat different phase, in the case of Jewell vs. Blankeship, 10 Yer., 439. In that case the defendant pleaded *puis darrein continu- ance*, that the parties had submitted the matter in dispute to five disinterested neighbors. The plea showed that there was no time limited in which an award was to be made. The plaintiff replied that the arbitrators had taken the case under consideration, and refused to decide it The defend- ants demurred to the replication, and it was held by this court that the replication was bad. The court in its opin- ion says: "If parties having a suit in court by their own voluntary act, submit the action and cause of action to an- other tribunal, selected by themselves, and do not choose by making their submission a rule of the court to continue its jurisdiction over the cause, and to subject the arbitrators and their action to the control of the court, the jurisdiction of the court has been determined by their own voluntary act, and the cause will be discontinued.

The case last cited does not, however, decide the present question. In that case there had been more than a mere agreement to submit the cause to the decision of the arbi- trators. The parties had performed their agreement to submit the cause to arbitration, and the arbitrators, as

judges selected by the parties, had assumed jurisdiction of the case, and it was then actually pending before them. Their refusal to decide the cause, though it might have been a violation of duty on their part, did not terminate their authority or deprive them of jurisdiction to decide it. And the case was just as much withdrawn from the jurisdiction of the Circuit Court, while it was thus pending before them, as it would have been by an actual award. But the mere selection of arbitrators, and an agreement between the parties that the cause shall be submitted to their decision, is a different matter. It is true the tribunal has been selected by the parties, but it has as yet no jurisdiction of their persons or of the cause, and its acquires no jurisdiction until the cause has been actually placed before them for their decision. Either party may revoke their authority, or they may themselves refuse to act. They can do no act, and make no order in the cause, nor in any manner control or effect, by any action that they may take, either the cause or the parties.

The reason of the rule that a submission to arbitration operates a discontinuance is, that two different tribunals cannot at the same time have jurisdiction and control of the cause independently of each other. 9 Hum. 143.

It is difficult to see why the court where the action is pending, should lose its jurisdiction of the cause until some other tribunal has acquired jurisdiction; and it is certain that the arbitrators have acquired no jurisdiction until the cause has been brought before them for decision. By their selection and appointment by the parties, they have conferred upon them power to decide the case when it shall be brought before them for that purpose, but until the cause is so brought before them, they occupy the same position as does

any other tribunal which may have authority to try a particular class of cases, but has no jurisdiction to try any particular case until it is brought into the court.

If the parties have, by their own voluntary act, conferred actual jurisdiction of the cause upon another tribunal, that would be a sufficient reason why the court should refuse onger to entertain jurisdiction of it. But it is difficult to see why the court should have the right to refuse to entertain the cause merely because the parties have agreed that at some future time they will give jurisdiction of the cause to another tribunal, when that agreement may be revoked by either party at its pleasure, and it is purely a matter of individual discretion with the members of the tribunal so selected, whether they will ever assume jurisdiction of the case even if the parties insist upon it.

If an agreement to arbitrate, made pending the suit, operates as a discontinuance of the action, it of course would follow that an agreement to arbitrate, made before suit was brought, would defeat the action. It has been held that an arbitration actually pending and undecided before the arbitrators, may be pleaded in abatement of a suit brought while it is thus pending. But we can find no authority for holding that a mere agreement, not yet acted upon, to submit a matter to arbitration shall defeat a subsequent action for the same matter.

An express stipulation or covenant in a contract that all disputes in relation to the matter of contract shall be referred to arbitration, will not oust the courts of jurisdiction, though it has been held that an express stipulation in such a contract that no suit shall be brought until the amount of damages shall be ascertained by arbitration, is in the nature of a condition precedent which must be performed before

Norwood v. Stephens.

action brought.    1 Dan. Ch. Pr. 694. 2 Pars. on Contra. 5 Ed. 707.

It is well settled in the State of New York that an agreement to arbitrate shall operate as a discontinuance of a pending suit.    Larkin vs. Robins, 2 Wend. 505.

In other States the decisions would appear, so far as I can now ascertain, in the absence of better authorities than the digests, to be conflicting, with a preponderance against the New York doctrine.

All the cases cited to this point by Mr. Bouvier (Law Dict., Title Submission,) which are accessible to the court at present, are cases in which there appears to have been an actual presentation of the cause before the arbitrators, and action by or before them thereon, except the case in 2 Hum., 516, in which it was held that the rule to arbitrate was not a discontinuance, because it was expressly stipulated that the award should be made the judgment of the court.

At common law the effect of an agreement to arbitrate the matter in litigation is no more than to entitle the parties to a stay of proceedings in the suit.    2 Tidd Pr. 822. 1 Steph. Nisi Prius, 39–40. Caldw. on Arb., 45.    Kyd on Awards, 26.

This is, I think, the true doctrine.    A party should not be forced to go to trial in the court where the action is pend_ing, if it is made to appear to the court that an agreement has been made and is still in force, that the case shall be settled before arbitrators, since otherwise such agreements might be made a snare for parties.    But this is quite a different thing from holding such an agreement to operate as a total discontinuance of the suit.

TENN. REP.—20.

In the present case, the conclusion is that the Circuit Court properly overruled the motion to discontinue the cause. And as the plea offered by the defendant, showed no valid ground of abatement or defence, there was no error in not permitting it to be filed.'

There being no other error complained of in the record, the judgment of the Circuit Court will be affirmed.

HAWKINS. J., *dissenting*.

I cannot concur in the opinion of the majority of the court in this cause.
cause.

I think the agreement entered into and signed by Stephens, the plaintiff, and Norwood, one of the defendants in the court below, on the 6th of December, 1866, by which they submitted the matters in controversy to their counsel for arbitration, with power in case of disagreement to call in an umpire, and whose award they agreed should be final, without making provisions that the award should be made the judgment of the court, or that the jurisdiction of the court over the cause should continue, operated as a discontinuance of the cause as to Norwood.

A submission of a cause in court to arbitrators, without such provision, operates as a discontinuance of the suit.

10th Yer., 439.   2d Hum., 516.

6th Hum., 29.   7th Hum., 66.

9th Hum., 142.   1st Cold., 256.

·2d Wend., 505.   12th Wend., 503.

2d Bouv., Law Dic. *Submission,* and other authorities cited, embracing decisions of the courts of New York, Tennessee, Massachusetts, Virginia, Wisconsin, Maine, Vermont, New Jersey, North Carolina and Texas.

It must be observed that according to these authorities it is the *submission* of the cause to arbitrarors that works a discontinuance of the cause.

A submission is defined to be an agreement by which parties agree to submit their differences to the decision of a referee or arbitrators.

It is the anthority given by the parties to the arbitrators, empowering them to inquire into and determine the matters in dispute, and may be *in pais* or by rule of court. It may be oral, or written by indenture, with mutual covenants, to abide by the decisions of the arbitrators ; by deed, poll, or by bond.

Sec. 2d Bouv., Law Dic., *Submission* and various authorities cited.

The agreement of the parties to refer a cause to arbitrators is a submission of the cause.

It is the agreement which confers upon the arbitrators the power to act, and their power over the cause depends alone upon the agreement of the parties. It is the agreement that transfers the jurisdiction of the cause from the tribunal in which it was pending to another and different tribunal, and inasmuch as it is by virtue of the agreement that jurisdiction of the cause is given in another tribunal, it follows that the tribunal in which the cause was pending prior, and up to the time of agreement, looses all jurisdiction over the same at the moment the agreement is entered into, else two tribunals must have jurisdiction of the same cause at the same time.

The jurisdiction of the arbitrators is complete upon the agreement of the parties, and the jurisdiction of neither tribunal is dependent upon whether the arbitrators choose to exercise the power conferred, or decline to do so.

They may exercise the power conferred upon them by the agreement of the parties, or they may decline to do so, at their option. But in case they choose to exercise the power, their award derives all its validity from the agreement of the parties, and not from the fact that they have assumed to exercise the power.

It is said either party may revoke the authority of the arbitrators, and it is argued therefore that they have no jurisdiction of the cause, until it has actually been placed before them for trial.

It is true that either party may revoke the power, but it is equally true that if no valid revocation has been made, and the arbitrators proceed in pursuance of the original agreement to make an award, even after one of the parties has declined to appear before them, or to present his side of the case to the arbitrators, and declared his unwillingness to abide their decisions, such award will be valid and binding; and this proves that the power of the arbitrators is derived from the original agreement of the parties, and not from the subsequent action.

The question whether a tribunal has jurisdiction over a cause, has never been supposed to depend upon the fact of the exercise of such jurisdiction. Nor has it ever been supposed that the rightful jurisdiction of any tribunal over a cause could be defeated by the refusal of such tribunal to exercise such jurisdiction.

Such a doctrine would enable every tribunal arbitrarily

to determine and terminate its jurisdiction in every cause, without any regard to the law regulating the jurisdiction of such tribunal.

I do not think the case of Elliott vs. Wilkinson, 8th Yer., 411, can be relied upon as authority in this case. Wilkinson had obtained a judgment against Elliott before a Justice of the Peace, in October, 1833. In December afterward, Elliott removed the cause into the Circuit Court by *ceritorari*, alleging in his petition " that when the judgment was rendered, he had appealed from it to the County Court; that before the appeal was carried up, the parties agreed to arbitrate the matter, and entered into a written agreement to that effect, that said arbitration was not gone into by the default of Wilkinson."

When the cause was called for trial in the Circuit Court, petitioner's counsel moved the court to quash the execution, on the ground that the judgment had been annulled, and in support of this motion introduced the arbitrators' agreement. Each party then insisted that the other was to blame for a failure to carry out the agreement.

The case was tried *de novo* in the Circuit Court. The plaintiff recovered a judgment, and the defendant appealed.

All this court said upon the subject of the arbitration was this: " The submission to an arbitration which was not gone into could have no effect; is an objection without merits and must be disregarded."

It will be observed that at the time this agreement was entered into, no suit was in fact pending between the parties.

It is true the petitioner averred he had appealed to the County Court, but it does not appear such was the fact.

And in this view of the case it stood in the Circuit Court, as though the parties had agreed to arbitrate the matters in dispute before suit was instituted.

It will further be observed, that it does not appear there had been any submission in that case, or anything more than an agreement to arbitrate, without any selection of arbitrators.

And the only question was, did such agreement defeat the plaintiff's right to recover in the Circuit Court after the cause had been removed into the Circuit Court for trial *de novo* upon the petition of defendant.

I think therefore, that case is not parallel to this, and cannot be regarded as authority upon the question presented in this case.

Again:

If the court in that case meant to hold, that if the parties to a pending suit agree to submit the matters in dispute to arbitrators, such agreement could have no effect unless the arbitrators actually accepted and entered upon the discharge of the duties assigned them. I think it is not only unsupported by authority, but it is also overruled by the case of Jewell vs. Blankenship, 10th Yer. 439.

In that case, as appears from the reporter's statement, after the cause had been pending for some time, it was submitted to arbitrators. The defendants pleaded *puis darrein* continuance, that the parties had by bond submitted the matters in dispute to five of their neighbors.

The plaintiff replied that the arbitrators had taken the case under consideration, and had refused to decide it.

The defendants demurred. Upon appeal to this court, the demurrer was sustained.

It is true the replication averred that " the arbitrators had taken the case under consideration, and had refused to decide it."

But that fact was not alluded to in the opinion of the court.

The court said: "If parties having a suit in court, by their own voluntary act submit the action and cause of action to another tribunal selected by themselves, and do not choose, by making their submission a rule of the court, to continue its jurisdiction over the cause and to subject the arbitrators and their action to the control of the court, the jurisdiction of the court has been determined by their own act, and the cause will be discontinued.

It is clear the court understood the agreement of the parties to be the submission, and therefore held that if they " do not by making their submission a rule of the court," &c., the jurisdiction has by such submission been determined ; citing Gun vs. Patcher, 13th Wend. Rep. 294.

Touching the effect of a submission of a cause to arbitration, our courts have uniformly adopted the principles laid down by the courts of New York.

The precise question involved in this case came before that court in the case of Larkin vs. Robbins, 2d Wend. 505.

In delivering the opinion of the court in that case, Marcy, Judge, said: " The distinction that the plaintiff in error makes between a submission never acted upon by the arbitrators, and one which has been followed up by an award or hearing by the arbitrators, does not appear to have been recognized by the courts, nor do I see any good reason for such distinction."

" The reason that the submission operates as a discontinuance is not because the subject of the suit is otherwise disposed of than by the decision of the court in which it was prosecuted, but because the parties have selected another tribunal for the trial of it.

The court will not look to the proceedings of that tribunal to determine whether the suit is gone beyond its jurisdiction.

It is sufficient that the parties have selected their arbitrators and concluded their agreement to submit to them. It is this agreement which withdraws the cause fron the court and effects the discontinuance of the suit.

Without pursuing the investigation further, it is sufficient to say that I think the great weight of authority sustains the view I have taken of this case.

I am therefore of the opinion the Circuit Court erred in refusing to dismiss the suit as to Norwood upon his motion. 1st. Cold., 256.

*Judgment affirmed.*