MIRIAM P. HAMLEN & others *vs.* HONORA WERNER & another.

Suffolk.    Jan. 21. — May 7, 1887.    HOLMES & GARDNER, JJ., absent.

A city, which owned a tract of land on T. Street, caused it to be divided into building lots; and a plan thereof was made and recorded. The city conveyed each of the lots by deeds containing the following conditions, among others : " 2. The front line of the building which may be erected on the said lot shall be placed on a line parallel with, and ten feet back from, the said T. Street." " 5. No building which may be erected on the said lot shall be less than three stories in height, exclusive of the basement and attic, nor have an L of more than two stories in height; nor shall said building or said L have exterior walls of any other material than brick, stone, or iron, nor be used or occupied for any other purpose or in any other way than as a dwelling-house, for the term of twenty years from " a certain day. A house was built upon each of the lots, after they were so conveyed by the city, in accordance with the conditions in the deeds. More than twenty years after the day named in the fifth condition, B., a grantee of one of the lots, began to build a wooden addition to his house, resting upon the ground, fifteen feet wide and fifteen feet high, and extending from the front line of the house to the line of T. Street. A., the grantee of another of the lots, brought a bill in equity to restrain such erection, and to compel the removal of the structure. *Held*, that the second condition in the deed was a valid restriction, which A. could enforce; that the limitation of time named in the fifth condition did not apply to the second condition; and that the bill could be maintained.

BILL IN EQUITY, filed August 22, 1885, against Honora Werner and Charles O. Hunter, to restrain the erection of a building in violation of the provisions of a deed, and to compel its removal. The case was heard in the Superior Court, and

reported for the determination of this court by *Staples*, J., upon the following agreed facts:

In 1860, the city of Boston was the owner of a tract of land on Tremont Street, in said city, and in that year caused said tract to be divided into eleven building lots; and a plan thereof was made and duly recorded.

On October 25, 1860, said city conveyed the lot numbered two on said plan to Lorenzo A. Hitchcock and Samuel Stubbs, by a deed subject to the following conditions and restrictions:

"1. All taxes and assessments which have been laid or assessed upon the said premises previous to execution of this conveyance shall be paid by the said Hitchcock and Stubbs, their heirs and assigns.

"2. The front line of the building which may be erected on the said lot shall be placed on a line parallel with, and ten feet back from, said Tremont Street.

"3. The building which may be erected on the said lot shall be of a width equal to the width of the front of the said lot.

"4. No dwelling-house or other building, except the necessary outbuildings, shall be erected or placed on the rear of said lot.

"5. No building which may be erected on said lot shall be less than three stories in height, exclusive of the basement and attic, nor have an L of more than three stories in height; nor shall said building or said L have exterior walls of any other material than brick, stone, or iron, nor be used nor occupied for any other purpose or in any other way than as a dwelling-house, for the term of twenty years from the first day of June, A. D. 1860."

Hitchcock and Stubbs thereafter conveyed the lot numbered two, subject to said conditions and restrictions, to one Elisha James, who, on or about January 19, 1884, conveyed said lot to the defendant Werner, subject to said conditions and restrictions; and, at the time of filing the plaintiff's bill, the defendant Hunter was a tenant of said premises, holding under Werner.

The city of Boston, on or about October 25, 1860, also conveyed the lot numbered four on said plan to Hitchcock and Stubbs, by a deed containing conditions and restrictions precisely similar to those hereinbefore set forth.

Hitchcock and Stubbs thereafter conveyed the lot numbered four, subject to said conditions and restrictions, to one Thomas H. Snow, who, on September 14, 1883, conveyed said lot, subject to said conditions and restrictions, to the plaintiffs.

The city of Boston, at divers times before the filing of the plaintiffs' bill, conveyed away all the remaining lots shown on said plan; and in its deeds of said lots inserted conditions and restrictions exactly similar to the conditions and restrictions hereinbefore set forth.

Said conditions and restrictions were inserted by the city in said deeds to establish a general plan of building upon all the lots shown on said plan, for the general improvement of the neighborhood, and for the benefit of all purchasers of said lots who should derive title to the same through the city.

The houses originally built upon all of said lots, after they were conveyed by the city, were all built in accordance with said conditions and restrictions; and the front line of each of said houses was placed on a line parallel with, and ten feet back from, Tremont Street, leaving an open space ten feet in depth between each of the houses and the street.

At the time of filing the plaintiffs' bill, the defendants were erecting a wooden addition to the house theretofore built on said lot numbered two, and since the filing of the bill the defendants have completed the erection of said addition; as soon as the plaintiff knew that the work was in progress, he notified the defendants that he forbade them to erect said structure, and requested them to remove it. Said addition rests upon the ground, is fifteen feet wide and fifteen feet high, and extends from the front line of the house heretofore built on said lot numbered two to the line of Tremont Street, and is used in connection with the lower story of said house, as originally built, as a store.

The defendants asked the judge to rule that the plaintiffs were not entitled to a decree in their favor, as against the defendant Werner.

The judge refused so to rule; and ordered a decree for the plaintiffs.

If the decree was right, the same was to stand; otherwise, the court to enter such order and decree in the premises as equity might require.

*T. J. Gargan & P. M. Keating,* for the defendants.

*C. W. Turner,* for the plaintiff.

W. ALLEN, J.   The condition that "the front line of the building which may be erected on the said lot shall be placed on a line parallel with, and ten feet back from, the said Tremont Street," is a valid restriction, which the plaintiff can enforce. *Sanborn* v. *Rice,* 129 Mass. 387.   *Bagnall* v. *Davies,* 140 Mass. 76.   *Linzee* v. *Mixer,* 101 Mass. 512.   *Peck* v. *Conway,* 119 Mass. 546.

The words "for the term of twenty years from the first day of June, A. D. 1860," in the fifth condition, are limited to that, and do not apply to the second, upon which the plaintiff relies. *Keening* v. *Ayling,* 126 Mass. 404.

There can be no question that the defendants' building is prohibited by the restriction.                    *Decree affirmed.*