## Starck and Thomas Cusack Company v. Foley.

(Decided June 2, 1925.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Covenants—Deed, Forbidding Use of Lot for Business Purposes, Held to Forbid Construction and Maintenance of Advertising Billboards on Lot.—Deed, forbidding use of lot for business purposes, held to forbid construction and maintenance of advertising billboards on lot.

2. Covenants—Owner of Lot, for Benefit of whom Covenant was Inserted in Deed to Adjoining Lot, Held Entitled to Complain of Violation of Covenant.—Owner of lot, for benefit of whom covenant was inserted in deed to adjoining lot, held entitled to complain of violation of covenant.

3. Appeal and Error—Court of Appeals Cannot Disturb Chancellor's Finding ·on Question of Fact Based on Conflicting Evidence.— Court of Appeals cannot disturb chancellor's finding on question of fact based on conflicting evidence.

4. Injunction—Delay of 21 Months of Lot Owner in Enjoining Erection by Adjoining Lot Owner. of Billboard Prohibited by Covenant ·in Deed Held Not "Laches."—Plaintiff lot owner's delay of 21 months in enjoining defendant adjoining lot owner from erecting billboard prohibited by covenant in deed to defendant held not laches, and did not bar her right to enjoin erection of another billboard, and maintenance of existing billboard, where she protested immediately against the erection of the .first billboard and instituted suit immediately when construction of the second billboard was attempted, and her delay did not work to the disadvantage of defendant; "laches" in legal significance meaning, not a mere delay, but a delay working a disadvantage to another.

EDWARDS, ODGEN & PEAK for appellants.

WOODWARD, WARFIELD & DAWSON for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

By this equity action appellee, Mrs. Ellen Foley, who owns and resides in a dwelling house upon lot No. 2902 South Third street, in Louisville, Kentucky, sought to enjoin appellants, Mrs. Anne Starck and Thomas Cusack Company, a corporation, from erecting and maintaining bill boards upon lot No. 2900, on South Third street, owned by Mrs. Starck. By the petition it was alleged that the maintenance of the billboards was prohibited by the deed under which Mrs. Starck owned

the lot and was and would be an offensive nuisance. Defendants denied that the maintenance of the billboard was prohibited by her deed, or was or would be an offensive nuisance. They pleaded that the billboard facing Third street was erected and had been maintained for more than fifteen months with the consent and approval of the plaintiff, and that, if its maintenance was forbidden by the covenant in the deed, by consenting to its construction and failing to complain thereof for more than fifteen months appellee should be denied the relief sought by her. Tried by the Jefferson circuit court, chancery branch, second division, the chancellor by judgment enjoined appellants from erecting and maintaining the billboards complained of and they appeal.

We deem it necessary, first, to determine whether or not the construction and maintenance of the billboards is forbidden by the covenant contained in the deed under which the appellant, Mrs. Anne Starck, owns the title of lot No. 2900. It is conceded that Mrs. Starck and Mrs. Foley trace their title to a common grantor, and that the common grantor, in conveying the two lots, inserted into the deeds for the benefit of the two lots, as well as for others held, the following covenant:

"It is further agreed that this lot shall be used for residence purposes only, and any improvements erected thereon shall be set back at least 35 feet from the west line of Third street."

That is perfectly plain and unambiguous language. Nothing else said in the deeds containing it indicates that the parties meant other than what they said by inserting it into them. As appellants insist this court, in Highland Realty Company v. Groves, 130 Ky., 374, wrote the rule with reference to the construction of such restrictions in these words:

"While such conditions as impose a restraint upon the free use or alienation of real estate are looked upon with disfavor by the courts, and are rather strictly construed, inasmuch as they detract from the freest use of the fee simple, and are annoying to owners and intending purchasers, being somewhat at variance, too, with the system in vogue in this country which regards real estate as an article of commerce, still they are upheld when not repugnant to some plain provision of the law, and are not unreasonable in themselves."

However, the right to restrict property to use for residence purposes only has never been considered an unreasonable restraint and has often been upheld. If the court were able to conclude that, by constructing and maintaining billboards on her lot, the title of which restricts her use of it to that for residence purposes only, appellant is using it "for residence purposes," we would be able to hold that the covenant in the deed in question does not forbid her to erect and maintain the billboards. However, we are unable to reach that conclusion. It must be conceded that the deed forbids the use of the lot for business purposes. Advertising has grown to be one of the largest fields of business enterprise in this country. Billboard advertising is a distinct branch of that industry. The appellant, Thomas Cusack Company, appears to be engaged extensively in the business of billboard advertising. It rented its co-appellant's lot for the purpose of engaging in its business of billboard advertising thereon, and, under its lease, it erected the billboards complained of and has used them for the purpose for which it acquired them. Mrs. Starck leased her lot to her co-appellant knowing that it proposed to engage in the business of billboard advertising on it. In so doing appellants clearly are violating the covenant contained in the deed under which Mrs. Starck holds the title of the lot, and, since that covenant was made a part of the deed under which she holds title for the benefit of the holder of the title of the adjoining lot, clearly Mrs. Foley, who owns it, may complain. Highland Realty Co. v. Groves, 130 Ky. 374, and Noel v. Hill, 138 S. W. 364 (Missouri), support our conclusion. The latter case is exactly in point. It was there held that constructing and maintaining billboards upon a lot be enjoined as prohibited by this provision of the deed:

"But one residence building shall be erected upon the lot, such building never to be used or occupied for any purpose except for that of private residence, nor shall said lot or any portion thereof ever be used for trade, manufacture or business of any kind whatever."

All such cases turn upon a construction of the particular covenant of the deed, and Hutchison v. Ulrich, 21 L. R. A. 393 (Ill.), Los Angeles University v. Swarth, 54 L. R. A. 265, and the Washington Monument Fund vase, 20 L. R. A. 323, relied upon by appellants are in nowise in conflict with our conclusion herein.

It is insisted for appellants, however, that appellee consented that appellants might erect and maintain the billboards on Mrs. Starck's lot.    There is sharp conflict in the evidence on that question.    Mrs. Starck testified that before the billboard facing Third street was errected Mrs. Foley consented, provided it be placed on line with her house.    Mrs. Foley denied that she consented, but testified that when she learned what Mrs. Starck intended to do she protested against it, and called her attention to the fact that her deed forbade her to use the lot for any other than residence purposes. No other witness testified on that question, and, in that state of case, giving the judgment of the chancellor the weight to which it is entitled, this court could not disturb his finding on the question of fact.

It is strongly urged for appellants that appellee by her laches has barred her right to relief.    It appears that the first billboard was erected on appellant's lot in August, 1922.    It faced Third street.    In May or June, 1924, appellants constructed a second bill board on the lot in question facing N. street.    This action was instituted immediately after the erection of the second bill board.    Appellants quote the following from 18 C. J., page 402, as the rule governing this case:

> "A condition or limitation in a deed restricting or limiting to particular uses the property conveyed may be waived or abandoned by the subsequent conduct of the grantor so that a court of equity will not interfere to prevent its violation."

And further from page 401:

> "A complainant seeking equitable relief against the violation of a building restriction must act promptly upon discovery of the ground for complaint as otherwise his laches may bar his right to relief."

Excerpts from Stewart v. Finkelstone, 28 L. R. A. (N. S.), page 634; Orne v. Fredenberg, et al, 143 Pa. 487, and Lord v. Pendergast, 206 Mass. 122, are quoted in appellants' brief and relied upon by them as sustaining their contention that the appellee by her acquiescence in their maintenance of the billboard for some twenty or twenty-one months should be denied relief.    We find, however, that what acts or failure to act upon the part of one entitled to a remedy will amount to laches such

as will bar the right to the relief must depend largely upon the facts of the particular case. No hard and fast rule can be laid down defining what in each case will constitute and what will not constitute laches. On that subject, in Stewart v. Finkelstone, *supra,* it was said:

"On the other hand, one who openly defies known rights, in the absence of anything to mislead him or to indicate assent or abandonment of intent to oppose on the part of others, is not in a position to urge as a bar failure to take the most instant conceivable resort to the courts.

"After the right has been invaded under circumstances which would not defeat a plaintiff in seeking relief, and no substantial harm is shown to have accrued to the wrongdoer from the delay, there is not the same imminent necessity for early enforcement of demands as exists before conditions have become fixed. Mere lapse of time, although important, is not necessarily a decisive consideration. Within the somewhat flexible limitations of these general rules, what may be laches in any case depends upon its peculiar facts."

In McDowell v. Bauman, et al., 189 Ky. 136, it was said:

"Laches in legal significance is not mere delay, but delay that works a disadvantage to another. Culton v. Asher, 149 Ky. 668, 149 S. W. 946."

In Preston v. Jeffers, Receiver, 179 Ky. 384, the following was quoted from Chase v. Chase, 20 R. I. 203, as embodying the doctrine of laches:

"Laches, in legal significance, is not a mere delay, but delay that works a disadvantage to another. So long as parties are in the same condition, it matters little whether one presses a right promptly or slowly, within limits allowed by law; but when, knowing his rights, he takes no step to enforce them until the condition of the other party has, in good faith become so changed that he can not be restored to his former state, if the rights be then enforced, delay becomes inequitable and operates as estoppel against the assertion of the right. The disadvantage may come from loss of evidence, change of title,

intervention of equities, and other causes; but when a court sees negligence on one side and injury therefrom on the other, it is a ground for denial of relief.''

Bearing in mind the foregoing principles as to the doctrine of laches, it can readily be understood that if Mrs. Starck had undertaken to construct a building for business purposes on her lot in violation of the restrictions contained in her deed, involving the expenditure of substantial sums of money and consuming much time in so doing, and appellee had interposed no objection and had permitted her to expend her money in so doing, when by taking seasonable action she might have prevented it, a court of equity afterwards would not hear her complaint. Her delay in that state of case would have worked to the disadvantage of appellant. Usually the structures are of such a character as to cost and time consumed in their construction as to result in great disadvantage to the one offending in remedying the wrong after the structure has been erected. Hence, it is that in cases dealing with violations of building restrictions those imposed upon are required to act promptly, else the delay as laches bars the right to remedial relief. But the same principles of the doctrine of laches apply to such cases as to all others and the cases are to be determined largely from their particular facts.

In the case we have before us, in open violation of the restriction contained in the deed, and over appellee's objection, as found by the chancellor, appellants constructed a billboard, a structure requiring the expenditure of only a modest sum of money and of such character that it could be completed before the most expeditious legal process of preventing it could hardly be secured. After having protested against the construction of the first billboard and after it was built, which was done perhaps before she could have prevented it, for some twenty or twenty-one months appellee took no action to avail herself of her remedy. That delay can not be said to have worked to the disadvantage of appellants. Immediately, however, upon their attempting to construct additional billboards, in violation of the restriction contained in the deed, appellee promptly instituted this action. Under the particular facts of this case, the court has concluded that appellee's delay in instituting the action after the erection of the first billboard, in that the delay has not worked to the disadvantage of appellants,

does not amount to laches or bar her right to the relief sought herein.

The judgment of the chancellor awarding an injunction to prevent appellants from constructing and maintaining billboards on the lot of appellant, Mrs. Anne Starck, being in accord with the conclusion of this court upon the questions presented is therefore affirmed.