# Trosper v. Shoemaker et al.

December 13, 1949.

Rehearing denied March 21, 1950.

James S. Forrester, Judge.

James Sampson and Sampson & Sampson for appellant.

Cleon K. Calvert and Smith & Shehan for appellees.

JUDGE KNIGHT—Affirming.

This suit was brought by appellant against appellees under Civil Code of Practice, section 639a—1 et seq., to obtain a declaration of rights arising out of a certain restrictive covenant contained in a deed from appellees Shoemaker and wife to appellant Trosper concerning the validity of which a good faith dispute exists. The Chancellor entered judgment construing the covenant in accordance with the contention of appellees, and appellant prosecutes this appeal from that judgment.

By deed dated April 30, 1931, E. S. Shoemaker and Paul Trosper acquired deed to a small tract of land in Harlan County containing 0.182 of an acre fully described in the petition. By deed dated April 10, 1937, E. S. Shoemaker and wife conveyed his one half interest in the same property to appellant' Paul Trosper, and that deed contained the following restrictive covenant:

"It is further a part of the consideration of this deed that said first party, to-wit: E. S. Shoemaker, has been selling Gulf Petroleum Products and is at the present time selling Gulf Petroleum Products. Said second party agrees to continue to use the Gulf petroleum products or any petroleum products sold by the said first party as long as said first party is engaged in the said petroleum business. In the event the said second party fails to buy his petroleum products from the said first party, to-wit: E. S. Shoemaker, then said first party is given the right to repay the consideration herein mentioned, to wit: $3,000.00 and take possession of said property. This is a covenant running with the land hereinabove described, and this covenant also binds the second party and his heirs, successors and assigns herein. The object of this covenant being that the said property being much more valuable than the cash consideration mentioned herein, and the primary inducement for this conveyance being the said second party's continuation to handle the petroleum products sold by the first party, his heirs, assigns and successors."

At the time this deed was executed and previous thereto, E. S. Shoemaker also owned a separate business as distributor of Gulf products in Harlan County. On June 30, 1945, Shoemaker and wife sold to a partnership composed of appellees B. F. Gross, Mary Gross, T. R. Middleton, Eleanor Middleton, and Paul Saylor all the

assets of his separate business as distributor of Gulf products including:

(F) "All the rights, privileges, equities and covenants reserved to the said E. S. Shoemaker and Cynthia Shoemaker:

"(a) In a certain deed from them to Paul Trosper dated April 10, 1937, and of record in Harlan County Clerk's office in deed book * * *, page * * * therein."

From the time the filling station property heretofore referred to was sold by Shoemaker to Trosper in 1937, until this suit was filed on January 27, 1949, the covenant heretofore quoted contained in that deed has been observed by appellant, but he now seeks to be relieved from said covenant.

While there were other contentions made in the lower court, in his brief appellant asks reversal on three grounds: (1) the provision in the deed violates the statute against perpetuities, KRS 381.220; (2) the restriction imposed in the deed is unreasonable and therefore void; (3) if appellant is bound under the provision in the deed at all, he is bound only for such time as appellee Shoemaker engages in the petroleum business. These contentions will be considered in the above order.

I. It is obvious that the common law rule against perpetuities, now embodied in KRS 381.220, has no application to this case. The rule against perpetuities deals with the possibilities of vesting of estates. It prohibits any device, by deed or will, which limits the alienation of property for a longer period than during continuance of a life in being at the creation of the estate and twenty-one years and ten months thereafter. The covenant in the deed here involved does not prevent sale of the property at any time. It is transferable so long as the conditions contained in the covenant are complied with. Likewise, under our statutory law the grantor in this deed has power to sell and convey his conditional reversionary right, or to release it at any time to the holder of the determinable fee thereby vesting complete and unrestricted title to the land in the grantees or their successors. Fayette County Board of Education v. Bryan, 263 Ky. 61, 91 S. W. 2d 990, and cases therein cited.

II. We do not think the covenant contained in the

deed is so unreasonable as to render it void. The deed must be construed as a whole and in the light of the situation of the parties at the time the deed was executed, their purpose in inserting the restriction, their situation and the end to be attained by the restriction. Appellant and appellee Shoemaker were engaged in a joint enterprise on the property in question. Appellee had a separate distribution business of his own and he was no doubt interested in having as many outlets as possible for the distribution of his products. He did not have to sell his interest in the property and appellant did not have to buy it upon the condition imposed on its sale. Having accepted title with the condition imposed on it, and which condition was shown in the deed to be a part of the consideration for the conveyance, he is bound by it. While there has been no case before this court involving the particular restriction here involved, so far as we know, similar ones have been upheld. Thus in the early case of Hatcher v. Andrews, 5 Bush 561, we upheld a restriction that intoxicating liquors should not be sold on the premises. In the case of Sutton v. Head, 86 Ky. 156, 5 S. W. 410, 9 Am. St. Rep. 274, a restriction against the sale of intoxicating liquors in quantities less than five gallons was held to be a covenant running with the land and upheld as valid against the tenant or assignee of the vendee. Restrictions that the property conveyed shall be used for residence purposes only or that the buildings erected thereon shall be made of certain types of materials or that such buildings shall be set back a certain distance from the property line are frequent and have been upheld. Starck v. Foley, 209 Ky. 332, 272 S. W. 890, 41 A. L. R. 756. A restriction that only beer provided by a certain brewery should be sold on the premises was upheld in Ferris v. American Brewing Co., 155 Ind. 539, 58 N. E. 701, 52 L. R. A. 305; and Joseph Schlitz Brewing Co. v. Nielson, 77 Neb. 868, 110 N. W. 746, 8 L. R. A., N. S., 494.

III. Appellant's contention that the covenant in the deed binds him only so long as appellee Shoemaker is engaged in the petroleum business is based on the sentence in the covenant which says: "Said second party agrees to continue to use * * * petroleum products sold by first party as long as said first party is engaged in the said petroleum business." If the covenant had stopped there his contention would have been well tak-

en. But reading the provision as a whole, it is not so limited as shown by the last sentence part of which says: "the primary inducement for this conveyance being the second party's continuation to handle the petroleum products sold by first party, his heirs, assigns and successors."

Since the judgment of the lower court is in conformity with the views herein expressed, it is affirmed.