**ELM HILL HOMES, INC.,
Plaintiff/Appellant,**

v.

**Dewey L. JESSIE and wife, Jean B. Jessie, etc., Defendants/Appellees.**

Court of Appeals of Tennessee,
Middle Section at Nashville.

March 24, 1993.

Application for Permission to Appeal
Denied by Supreme Court
June 28, 1993.

Ronald B. Buchanan, Hendersonville, for plaintiff/appellant.

James L. Fuqua, Jr., Hendersonville, for defendants/appellees.

## OPINION

TODD, Presiding Judge.

This is a suit for declaratory judgment invalidating the restrictions in conveyances of 22 lots in an unrecorded subdivision. The Trial Court declined to invalidate the restrictions, but limited their effectiveness to twenty years following the recording of the first deed containing the restrictions. The plaintiff has appealed presenting two issues, namely, (1) the refusal to invalidate the restrictions and (2) the 20 year time limit.

### –Facts–

On May 1, 1989, an order was entered by the Probate Court of Davidson County, Tennessee in the matter of the estate of Nellie E. Jones whereby the conservator of said estate was authorized to convey property of the estate in accordance with the results of an auction sale held on April 22, 1989. The order recited that plaintiff was the purchaser of 9 of the lots, that two of the defendants had each purchased two of the lots and that each of 9 defendants was the purchaser of 1 of the remaining 9 lots. The remaining defendants were holders of mortgage liens. The order further stated:

It is further ORDERED, ADJUDGED AND DECREED that the restrictions and covenants stated by the Auctioneer, Feller Brown at the auction sale of the subject property known as Robertson County, Tennessee and which are incorporated in the Contract of Sale for each successful bidder, are hereby approved;

. . . .

It is further ORDERED, ADJUDGED AND DECREED that the Conservator, Laura Yancey Goodall, for the Estate of Nellie E. Jones, and Defendant Mary McCabe shall proceed with the closing of the respective sales under the Court's previous Order dated December 13, 1988, in Minute Book 328, Page 31, Probate Clerk's Office, Davidson County, Tennessee; . . . .

Pursuant to said order, deeds were executed by the conservator and Mary McCabe to each of the purchasers conveying the property purchased by each and containing the following provision:

This conveyance is subject to the following restrictions:

1. No mobile or modular homes shall be permitted to be constructed or affixed to the land;

2. No swine or poultry may be kept upon the land;

3. Any homes constructed must contain a minimum of 1300 square feet of improved living space on the main floor, excluding garages, carports and breezeways.

None of the deeds stated the effective duration of the restrictions.

### –The Procedure–

Plaintiff brought this suit asserting that the restrictions were invalid for lack of a time limitation. Plaintiff and some of the

defendants filed motions for summary judgment.

The Trial Court entered the following order:

THIS CAUSE came on to be heard on the 27th day of May, 1992, upon motions for summary judgment filed by all parties, stipulation in open court that there was no dispute as to the facts and the proceedings were actually in the nature of a declaratory judgment, and arguments of counsel, from all of which the Court found that the subdivision restrictions were not invalid as against public policy because they failed to contain a termination date. The Court found that the subdivision restrictions are valid in all other respects and therefore established a reasonable expiration date of twenty (20) years from the date of recordation of the first deed in the twenty-two lot subdivision.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the subdivision restrictions which are the subject matter of this lawsuit are valid for a period of twenty (20) years from the date of recordation of the first deed in the twenty-two lot subdivision.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Order resolves all issues in dispute and the costs of this cause are hereby assessed against the Plaintiff, for which execution may issue if necessary.

–The Law–

No reported decision of a Tennessee Court has been cited or found on the subject of the validity of restrictions without time limit.

It is suggested that *Murdock v. Mayor and Aldermen of Memphis*, 47 Tenn., 7 Coldwell 483 (1870) bears upon this point. However, said decision rejected the theory of covenant or restriction and, instead, held that the conveyance to the City of Memphis for reconveyance to the United States Government for a naval yard imposed a condition for vesting which was satisfied when the property was accepted and the naval yard was established thereon. The opinion does state:

No time being limited for the performance of this condition, it must be performed within a reasonable time. 1 Washb. Real Prop., 449.

47 Tenn. at 499.

*Union Stockyards Co. v. Nashville Packing Co.*, 140 F. 701 (C.C.A. 6th 1905) was a Davidson County Chancery Court case removed to federal court and decided by the Sixth Circuit Court of Appeals. Plaintiff conveyed land to defendant for construction of a packing house which was built but later abandoned. The appellate court held that the condition was a condition precedent for the vesting of title, but not a condition subsequent for which a reversion might be claimed, and was a covenant for breach of which damages might be claimed in a separate, subsequent suit. The opinion does contain the following discussion:

... Another feature of the transaction which seems to us of much significance is that no time was fixed during which the obligation to maintain and operate the packing house should endure. It seems to be hardly reasonable to suppose that the parties could have understood that this covenant should continue to operate perpetually. Indeed, one can hardly withstand the conviction that the covenant was expected by the parties to have some limitation in respect of time, and, if so, it might be a question whether any other limitation is more natural or probable than that it should abide such contingencies of the business as could not in the natural course of things be avoided, as, for instance, could not, with prudent management, be carried on without loss. Of course, we are not now undertaking to lay down a particular definition of the contingencies which might terminate the obligation. It is enough for the present purpose of construing the covenant to say that it seems unreasonable to think that the parties intended it to be interminable in its operation....

... A similar question with respect to the duration of the covenant, when there was no limitation in respect of time, has

been presented in several reported cases, and the view which has been generally taken is that, when the time is not limited by the language employed, it should be implied that some limitation was intended and that it was such as the nature of the case would indicate as reasonable. Among other cases are *Jones v. Newport News & M. V. Co.*, 65 Fed. 736, 13 C.C.A. 95, 31 U.S.App. 92, decided by this court; *Mead v. Ballard*, 7 Wall. 290, 74 U.S. 290, 19 L.Ed. 190; *Texas & Pacific Ry. Co. v. Marshall*, 136 U.S. 393, 10 Sup.Ct. 846, 34 L.Ed. 385; *Willson v. Winchester & P.R. Co.*, 99 Fed. 642, 41 C.C.A. 215; *Murdock v. Mayor, etc., of Memphis*, 7 Cold. (Tenn.) 483. In this latter case the court expressed the opinion that the question was to be resolved upon the analogy of the general rule that, where no time is fixed, reasonable time is implied. With respect to the covenant to erect a packing house, the time within which it should be done is fixed; and other conditions would be presented if the question had arisen upon a breach of that covenant, for that is quite distinguishable from the covenant to maintain and operate. But the building was duly built and we have not the question suggested to decide. This conclusion leads to the result reached by the court below; that is to say, that the bill cannot be maintained. The granting of an injunction would only be a means of effectuating a decree upon the merits of the principal controversy, and the fitness of it falls with the main purpose.

140 F., pp. 705–706.

In *Gardner v. Maffitt*, 335 Mo. 959, 74 S.W.2d 604 (1934), 95 A.L.R. 452, the Missouri Supreme Court held:

Where the time during which a restrictive covenant is to endure has not been expressly limited by the parties, it should be implied that some limitation was intended and that it was such as the nature of the case would indicate as reasonable. Berry on Restrictions on use of Real Property, p. 39; *Union Stockyards Co. v. Nashville Packing Co.* (CCA) 140 F. 701, 705.

In *Gifford v. First Presb. Soc.*, 56 Barb. (NY) 114 (1867), the court said that it was a well established principle that restrictions contained in a lease or deed are presumed to continue for the duration of the estate created, unless the contrary manifestly appears.

In *Kramer v. Carter*, 136 Mass. 504 (1884), it was held that deed restrictions as to placement and description of improvements created a perpetual servitude on the land in favor of adjoining lands. To the same effect are *Ayling v. Kramer*, 133 Mass. 12 (1882); *Hamlen v. Werner*, 144 Mass. 396, 11 N.E. 684 (1887); and *Townsend's Appeal*, 68 Conn. 358, 36 A. 815 (1896).

In *Commerce Union Bank v. Warren County*, Tenn.1986, 707 S.W.2d 854, it was held that the rule against perpetuities does not pertain to covenants or restrictions providing a reverter and that:

As a general proposition, future interests reserved to or remaining in the grantor ... are not subject to the rule (against perpetuities). Simes, Future Interests (Second Edition 1966 § 132, p. 280; see also Bogert, Trusts and Trustees (Revised Second Edition 1977) § 347, p. 678).

In *Morton v. Sayles*, Texas 1957, 304 S.W.2d 759, it was held that a restriction to residential use was not to run for a reasonable time, but forever.

In *Duncan v. Academy of the Sisters of the Sacred Heart*, Mo.1961, 350 S.W.2d 814, the Missouri court recognized the rule of *Gifford v. First Presb. Soc.*, above, and voided 106 year old covenants.

In *Acopian v. Haley*, Fla.App.1980, 387 So.2d 999, the appellate court reversed a trial court judgment removing restrictions imposed in 1894 and stated:

Where no termination date is specified, the test for determining the continued validity of restrictive covenants in the face of a challenge is whether or not the original purpose and intention of the parties to such covenant can be reasonably carried out, in the light of alleged material changes which are claimed to have effectually frustrated their object with-

out fault or neglect on the part of the one who seeks to be relieved of their observance. *Barton v. Moline Properties, Inc.* 121 Fla. 683, 164 So. 551 (1935). It is said that this doctrine rests on the principle of contract law known as discharge of contractual obligation by frustration of contractual object. *Osius v. Barton,* 109 Fla. 556, 147 So. 862 (1933), 88 A.L.R. 394.

To the same effect is *Dozier v. Wood,* Fla.App.1983, 431 So.2d 184.

In *Knight v. Hamilton,* Ky.App.1950, 313 Ky. 858, 233 S.W.2d 969, plaintiff sued defendant to enjoin him from violating a contract and deed restrictions to buy petroleum products exclusively from plaintiffs for 5 years. The Trial Court granted the injunction. The appellate court held that the contract was enforceable by injunction and said:

> Restrictions imposed in a deed on the use of real estate are valid and binding providing such restrictions are reasonable and limited as to territory and duration. *Ladd v. Pittsburg Consolidation Coal Co.,* 309 Ky. 405, 217 S.W.2d 807; *Trosper v. Shoemaker* 312 Ky. 344, 227 S.W.2d 176.

In *Ladd,* there was a 21 year restriction upon the use of realty. The Court cited the rule stated in *Knight* and affirmed enforcement of the restriction.

In *Trosper,* the Trial Court upheld the validity of restrictive covenants relating to purchase of gasoline "so long as (the conveyee) stays in business." The appellate court affirmed and said:

> It is obvious that the common law rule against perpetuities, now embodied in KRS 381.220, has no application to this case.... Restrictions ... for residence purposes only or ... certain materials or ... set back ... have been upheld. *Stark v. Foley,* 209 Ky. 332, 272 S.W. 890.

In *Stark,* the Kentucky Court of Appeals upheld and enforced a restriction against billboards which contained no time limitation, citing numerous other authorities which make no reference to any requirement for specific time limits.

It therefore appears that the law in Kentucky is that the intent of the contracting parties will be enforced so long as the result is not contrary to public policy because unreasonable. It does not appear that Kentucky has adopted a rule that a restriction without time limitation is void.

In *Greenwood Lodge, No. 118, I.O.O.F. v. Hyman,* Miss.1937, 177 So. 43, plaintiff sued to restrain the erection of a building. The Trial Court granted the injunction. The appellate court reversed and said:

> So far as this record shows, this suit was filed to enforce a capricious right to gratify a sentimental whim.
>
> . . . .
>
> In the case at bar, the carrying out of the decree of the court below would inflict great expense, trouble, and hardship upon the appellant, and would confer no benefit, of any substantial nature, upon the appellee, and a court of equity will not enforce a decree imposing a hardship upon one party to merely gratify a sentimental whim of· another party.
>
> Furthermore, the restrictions set out in the deeds are not limited in time, and fix no period for termination thereof. It is clear from the deeds above quoted from that the restrictions are perpetual in duration, which is clearly contrary to public policy, and is forbidden in this state....

177 So., pp. 45–46.

As previously stated, Tennessee does not enforce the rule against perpetuities against covenants or restrictions as to land use. In this respect, the Greenwood Lodge decision is contrary to the expressed public policy of Tennessee.

■ This Court adopts the general statement of the rule found in 20 Am.Jur.2d, Covenants, Conditions, etc. § 180, p. 743 as follows:

> While there is some authority that where the duration of a restrictive covenant is not specified, the restrictions are presumed to continue for the whole duration of the estate created, the rule followed generally is that the restrictive covenant will be limited to such time as

seems reasonable from the nature of the case. Accordingly, the restrictions will not be construed as extending for a longer period of time than the nature of the circumstances and the purpose of their imposition would indicate as reasonable for the duration of their enforcement without undue and inequitable prejudice to the property rights purchased and acquired by the original grantee and his successors in title, subject to the restrictive covenants....

This Court declines to adopt a rule that any restriction without a time limit is void *ab initio*. Instead, this Court recognizes that with or without time limits, restrictions lose their force when they fail to serve any useful purpose; *Alliegro v. Home Owners of Edgewood Hills, Inc.,* (1956) 35 Del.Ch. 543, 122 A.2d 910; and the obligation of a promise respecting the use of land terminates in accordance with the intention manifested in the making of the promise. Restatement of Property § 554.

–Conclusions–

■ Consistent with the principles of law adopted by this Court, the judgment of the Trial Court upholding the validity of the restrictions is affirmed.

■ The brief of the appellees disclaims any dissatisfaction with the selection of 20 years as a reasonable duration of the restrictions. However, this Court finds nothing in this record to indicate an intention of the parties to limit the effectiveness of the restrictions to 20 years.

The time limitations of restrictions without express limitation must be determined by future developments in the light of the obvious intentions of the parties.

The meager facts in this record suggest that a large acreage was divided into 22 tracts which varied in size from 5 to 29 acres. The obvious intent was to create a rural community where certain restrictions would be observed. The community thus created attracted purchasers who desired property in such a community.

Until future events render the enforcement of the restrictions impossible or oppressive, the agreements of the parties should be enforceable.

Therefore, that part of the order of the Trial Court which sets a 20 year limitation upon the restrictions is vacated.

Costs of this appeal are taxed against the appellant. The cause is remanded to the Trial Court for the entry of an order consistent with this opinion.

Affirmed in part.

Vacated in part.

Remanded.

LEWIS and KOCH, JJ., concur.